The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Plaintiff has made a motion to take additional evidence in the form of further depositions. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order. Therefore, plaintiff's motion is HEREBY DENIED.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. At all times relevant to this claim, the employer-employee relationship existed between plaintiff-employee and defendant-employer.
****************
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff began working with defendant in 1991. He has worked stretching out the hides for spraying and as a spray machine operator, coating the hides, both on the base coat and the top coat lines.
2. On October 12 and 13, 1993, plaintiff was assigned to make boxes. Each box had 2 pieces. On October 12, 1993, plaintiff made 140 boxes and on October 13, 1993, he made 194 boxes.
3. On October 19, 1993, plaintiff was seen by Dr. Carlos de la Garza, with complaints of pain in both hands. Plaintiff was diagnosed with bilateral carpal tunnel syndrome.
4. Dr. de la Garza has viewed the box-making operation at defendant's plant. It is his opinion that the production rate is not so rapid as to be considered frequent repetitive motion. In the two days plaintiff spent making boxes, he was not subjected to frequent repetitive motion sufficient to cause his bilateral carpal tunnel syndrome.
5. There is no convincing evidence of record to show that plaintiff's work as a spray machine operator subjected him to repetitive motion which caused or significantly contributed to his development of carpal tunnel syndrome.
6. Neither plaintiff's position as a spray machine operator, nor his work making boxes placed him at an increased risk of developing carpal tunnel syndrome when compared to the general public.
****************
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he suffers from an occupational disease. The evidence does not sufficiently establish that plaintiff's employment was a cause of or significant contributing factor in the development of his carpal tunnel syndrome, or that plaintiff's employment placed him at an increased risk of developing carpal tunnel syndrome when compared to the general public. N.C.G.S. § 97-53(13).
****************
Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Under the law, plaintiff's claim must be and the same is hereby DENIED.
2. Each side shall pay its own costs.
This claim is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ___________________, 1996.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/nwm 12/13/96